IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Calvin Lavan Clark, | ) | C/A No.: 1:11-6-SB-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| John R. Owens, Warden, FCI Williamsburg, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, Calvin Lavon Clark, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief. Petitioner is an inmate at Federal Correctional Institution (FCI) Williamsburg, in Salters, South Carolina. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

I.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This court

is required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 9. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Furthermore, this court is charged with screening a petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. *See also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

II.     Discussion

Petitioner indicates that he was sentenced to 354 months imprisonment by the United States District Court for the Eastern District of North Carolina on September 17, 2008, for the offenses of possession with intent to distribute more than fifty grams of

crack cocaine and possession of a firearm in furtherance of a drug crime. Petition at 3 [Entry #1]. *See also U.S. v. Clark*, C/A No. 5:08-cr-00100-F-1 (E.D.N.C.). Petitioner filed a direct appeal of his conviction, which was dismissed by the Fourth Circuit on January 9, 2009, pursuant to Fed. R. App. P. 42(b). *Id. at* Entry #24, #25. Petitioner filed a motion in the sentencing court to vacate his sentence under 28 U.S.C. § 2255. *Id.* at Entry #26. On June 18, 2009, Petitioner's § 2255 motion was denied and the action dismissed. *Id.* at Entry #27. Petitioner did not appeal that ruling. On September 21, 2010, Petitioner filed a second motion in the sentencing court under § 2255. *Id*. at Entry #30. However, the motion was dismissed by an order issued on November 12, 2010, because Petitioner had not obtained authorization from the Fourth Circuit Court of Appeals to file a second or successive § 2255 petition. *Id*. at Entry #33.

Petitioner now files the instant habeas petition, pursuant to 28 U.S.C. § 2241, alleging that he is actually innocent of a sentence enhancement imposed "under the statutory provisions of 4B1.2." Petition at 8 [Entry #1]. Petitioner alleges that "under recent Supreme Court authority these (2) prior [offenses] no longer qualify as valid predicates." *Id*. Thus, Petitioner asks this court to "vacate original sentence with orders to re-sentence Petitioner without the enhanced statutory provisions of 4B1.2." *Id.*

It is "well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). Further, a § 2255 motion must be brought in the sentencing court. In contrast, a

3

writ under § 2241 by a federal prisoner "attacks the execution of a sentence rather than its validity," *Brown v. Rivera*, No. 9:08-CV-3177-PMD-BM, 2009 WL 960212 at *2 (D.S.C. April 7, 2009), and must be brought against the warden of the facility where the prisoner is being held.  28 U.S.C. § 2241(a)*; Rumsfeld v. Padilla*, 542 U.S. 426 (2004).[1] Because Petitioner is incarcerated in the District of South Carolina, this § 2241 petition was properly filed in this court.  However, a threshold question in this case is whether Petitioner's claims are cognizable under § 2241.

Although § 2255 expressly prohibits a prisoner from using § 2241 to challenge a conviction and sentence, § 2255 does contain a "savings clause."  This clause allows a prisoner to challenge the validity of a conviction under § 2241, if the prisoner can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).  *See also Swain v. Pressley*, 430 U.S. 372, 381 (1977).  The Fourth Circuit Court of Appeals has set forth the test to determine whether a § 2255 motion should be considered inadequate or ineffective. *In re Jones*, 226 F.3d 328 (4th Cir. 2000). In order to invoke the "savings clause," a petitioner must demonstrate that:  "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was

---

[1] A § 2241 habeas petition generally challenges the execution or implementation of a federal prisoner's sentence, such as parole matters, computation of sentence by prison officials, prison disciplinary actions, and prison transfers. *Lisenby v. Cohen,* C/A 1:09-2929-JMC-SVH*,* 2011 WL 251466, *2 (D.S.C. Jan. 6, 2011).

convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." *Jones*, 226 F.3d at 333–334.

In the instant action, Petitioner provides no factual information to demonstrate that the conduct for which he was convicted has been deemed non-criminal. Instead, Petitioner alleges that a recent Supreme Court decision, *Carachuri-Rosendo v. Holder*, --- U.S. ----, 130 S.Ct. 2577 (2010), renders his sentence enhancement improper. Specifically, Petitioner claims that his prior state convictions, if analyzed under *Carachuri-Rosendo*, do not qualify as predicate offenses. Thus, Petitioner alleges that the savings clause should be invoked, because he is "actually innocent of being a Career Offender." [Entry #1-1 at 8]. However, the reach of the savings clause has not been extended to prisoners who challenge only their sentences. *United States v. Poole*, 531 F.3d 263, 267 (4th Cir. 2008) ("[T]he savings clause only preserves claims in which a petitioner claims actual innocence of his conviction, not just 'innocence' of a sentencing factor."). *See also Hines v. Owens*, C/A No. 4:10-cv-02843-RBH, 2011 WL 53030 at *2 (D.S.C. Jan. 7, 2011) (summarily dismissing § 2241 petition challenging a sentence enhancement under *Carachuri-Rosendo*). Thus Petitioner's action, seeking a determination that he is actually innocent of a sentence enhancement, fails to state a cognizable § 2241 claim. *See Riddle v. Mitchell*, C/A No. 9:10-0084-JFA-BM, 2010 WL 1727862 (D.S.C. April 27, 2010) (finding improper a § 2241 claim, which contended that

5

the petitioner's enhancement for failure to stop for a blue light no longer qualified as a violent offense).

III.     Conclusion

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without issuance and service of process upon the Respondent.

IT IS SO RECOMMENDED.

February 10, 2011                                          Shiva V. Hodges
Florence, South Carolina                            United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**