IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC, CLERK, CHARLESTON, SC

2011 MAR 10 A 11: 06

| | |
|---|---|
| Calvin Lavan Clark, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>John R. Owens, Warden, )<br>FCI Williamsburg, )<br>)<br>Respondent. )<br>_____) | Civil Action No. 1:11-6-SB<br><br>**ORDER** |

This matter is before the Court upon Calvin Lavan Clark's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to local rule, this matter was referred to a United States Magistrate Judge for preliminary consideration. On February 10, 2011, Magistrate Judge Shiva V. Hodges issued a report and recommendation ("R&R"), analyzing the issues and recommending that the Court dismiss the instant petition without prejudice and without issuance and service of process. Clark filed written objections to the R&R, and the matter is ripe for review.

On September 16, 2008, Clark was sentenced to 354 months of imprisonment in the Eastern District of North Carolina for the offenses of possession with intent to distribute more than 50 grams of crack cocaine and possession of a firearm in furtherance of a drug crime. Clark filed a direct appeal of his conviction and sentence, but the Fourth Circuit Court of Appeals dismissed his appeal on January 9, 2009, pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure. Clark then filed a motion pursuant to 28 U.S.C. § 2255, but his motion was denied on June 18, 2009. Clark did not appeal this ruling. On September 21, 2010, Clark filed a section motion pursuant to section 2255. This second

motion was dismissed by order dated November 12, 2010, based on Clark's failure to obtain prior authorization to file a second or successive section 2255 motion.

In the instant section 2241 petition, filed on January 4, 2011, Clark asserts that he is actually innocent of his enhanced sentence for being a career offender based on the Supreme Court's recent decision in Carachuri-Rosendo v. Holder, 560 U.S. —, 130 S. Ct. 2577 (2010). Specifically, Clark asserts that his prior state court convictions, if analyzed under Carachuri-Rosendo, no longer qualify as predicate offenses to enhance his sentence.

In the R&R, the Magistrate Judge determined that Clark failed to state a cognizable section 2241 claim because the "savings clause" of section 2255 has not been extended to prisoners who challenge only their sentences. In response, Clark objects that he does invoke the "savings clause" and that he is entitled to relief because he is actually innocent of the "statutory offense" of being a career offender.

As the Magistrate Judge noted, federal prisoners must pursue post-conviction relief by filing a motion pursuant to 28 U.S.C. § 2255, but section 2255 contains a "savings clause" that allows federal prisoners to proceed under section 2241 when a motion under section 2255 would prove "inadequate or ineffective" to test the legality of the detention. A section 2255 motion is "inadequate or ineffective" when three criteria are met:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
> (2) subsequent to the prisoner's direct appeal and the first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

2

Here, Clark asserts that he has satisfied the Jones criteria. However, as the Magistrate Judge noted, Clark has provided no factual information to show that the conduct for which he was convicted has been deemed non-criminal, or in other words, that he is actually innocent of the underlying criminal convictions. Instead, Clark alleges that the Supreme Court's decision in Carachuri-Rosendo renders his classification as a career offender improper because his underlying convictions no longer qualify as predicate offenses. Despite Clark's objections to the contrary, the reach of the "savings clause" has not been extended to prisoners who challenge only their sentences. See United States v. Poole, 531 F.3d 263, 267 (4 th Cir. 2008) ("[T]he savings clause only preserves claims in which a petitioner claims actual innocence of his conviction, not just 'innocence' of a sentencing factor."). Thus, the Court agrees with the Magistrate Judge that this action, in which Clark seeks a determination that he is actually innocent of a sentence enhancement, fails to state a cognizable section 2241 claim. See Hines v. Owens, 2010 WL 5553857 (D.S.C. Dec. 8, 2010) (dismissing a section 2241 petition challenging a sentence enhancement following Carachuri-Rosendo); Giuliano v. Warden, FCI Williamsburg, 2010 WL 4637761 (D.S.C. Oct. 12. 2010) (same); see also United States v. Pettiford, 612 F.3d 270 (4th Cir.2010) (holding that actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from uncontested actual innocence of the predicate crimes, and not from the classification of the predicate crimes); Riddle v. Mitchell, 2010 WL 1727862 (D.S.C. April 27, 2010) (finding improper a section 2241 claim challenging an enhancement based on a conviction for failure to stop for a blue light, which no longer qualified as a violent offense). Therefore, the Court agrees with the Magistrate Judge that this action is subject to summary dismissal.



3

Based on the foregoing, it is hereby

**ORDERED** that the Magistrate Judge's R&R (Entry 13) is adopted; the Petitioner's objections (Entry 15) are overruled, and Clark's section 2241 petition is dismissed without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

March 8, 2011
Charleston, South Carolina